IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

**STATE OF TENNESSEE v. THOMAS WHITE, JR.**

**Appeal from the Criminal Court for Hamilton County**
**No.239282, 239328, 242151, 239420, 245225, 245226    Douglas A. Meyer, Judge**

---

**No. E2004-00945-CCA-R3-CD - July 26, 2005**

---

After pleading guilty to various charges, the appellant, Thomas White, Jr., was placed on intensive probation for seven (7) years in 2002. In February of 2003, the appellant was arrested twice for violation of the Motor Vehicle Offencer Act, Tennessee Code Annotated sec. 55-10-616. A probation violation warrant was issued against the appellant. After a bench trial, the appellant was found guilty of both counts of violating Tennessee Code Annotated sec. 55-10-616. As a result, the trial court revoked the appellant's probation and ordered the appellant to serve an effective fourteen (14) year sentence. Because we are unable to discern the trial court's intentions from either the transcript of the hearing or the judgments, we reverse and remand this case for entry of corrected and clarified judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellant, Thomas White, Jr..

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Bill Cox, District Attorney General; C. Parke Masterson and Rodney C. Strong, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

In February of 2002, the appellant was indicted in three (3) separate cases for various crimes. In case number 239282, the appellant was indicted for two (2) counts of aggravated burglary, two (2) counts of theft under $500, and one (1) count of theft over $1,000. In case number 239328, the

appellant was indicted for one (1) count of aggravated burglary and one (1) count of theft under $500. Finally, in case number 239420, the appellant was indicted for one (1) count of aggravated burglary and one (1) count of theft of property under $500.

On October 31, 2002, the appellant pled guilty to several of the charges. The State dismissed the three (3) aggravated burglary charges. The trial court suspended the appellant's sentences in case numbers 239282, 239328 and 239420 and ordered the appellant to participate in "intensive probation" for a period of seven (7) years.[1] Several months later, the appellant pled guilty to introduction of a controlled substance in a penal institution. The trial court also suspended this sentence and placed the appellant on intensive probation.

On February 19, 2003, a probation violation report was filed against the appellant, alleging that while on probation, the appellant was arrested for violations of the Motor Vehicle Offender Act, Tennessee Code Annotated sec. 55-10-616.. As a result of the arrest, the State sought to revoke the appellant's probationary sentences.

In July of 2003, the appellant was indicted in two (2) separate indictments (case numbers 245225 and 245226) for the motor vehicle violations. After a bench trial, the trial court found the appellant guilty on both counts and sentenced the appellant to four (4) years as a Range III offender on each count. The trial court ordered the sentences to be served as follows:

| CASE NUMBER | SENTENCE |
| --- | --- |
| 245225 | four (4) years, consecutive to the eleven (11) month, twenty-nine (29) day sentence in case number 239328 |
| 245226 | four (4) years, consecutive to the four (4) year sentence in case number 245225 |

At the conclusion of the hearing and sentencing, the trial court held a probation revocation hearing in which the trial court revoked the appellant's probation. As a result, the trial court ordered the appellant to serve an effective fourteen (14) year sentence. The trial court explained the sentence as follows:

> [I]n 239328 that four-year sentence is ordered into execution, and that four-year sentence is consecutive to the two-year sentence in 239420, and order that into execution.

_____

[1]The effective sentence from the guilty pleas was four (4) years, but the trial court ordered one of the sentences to be served consecutively to a three (3) year sentence in an unrelated case, number 234509, for a total effective sentence of seven (7) years.

And then in 245225, that four-year sentence is consecutive to 239328.

And in 245226, that four-year sentence is consecutive to 245225, so he now has a total of 14 years.

. . . .

Yeah. I'm just going to find that he violated the conditions of probation and order that sentence into execution but not going to say anything about consecutive or anything. . . . on 242151, we'll just find that he violated conditions and order it into execution and not order anything about consecutive or anything. . . . [T]hey're all ordered into execution.

On appeal, the appellant argues that the trial court erred by: (1) changing the manner and length of service on several convictions for which his probation was revoked; and (2) ordering into execution a probated sentence when the court made no finding that the appellant had revoked his probation in that particular case. The State argues that any error on the record "as to which sentence was to be applied to which case number is harmless beyond a reasonable doubt because the total effective sentence stills [sic] fall [sic] within the statutory range."

The following chart summarizes the appellant's case numbers, sentences, and the trial court's rulings on the probation revocation in regards to those sentences:

| CASE NO. | CHARGE | DISPOSITION | SENTENCE | TRIAL COURT"S ACTION AT REVOCATION |
|---|---|---|---|---|
| 239282 | theft over $1,000 | pled guilty | four (4) years, consecutive to case no. 234509[2] | trial court does not mention |
| | theft under $500 | pled guilty | eleven (11) month, twenty-nine (29) days, concurrent to theft over $1000 | trial court does not mention |

---

[2]The unrelated case is noted on the judgment as case number 234509.

| | | | | |
|---|---|---|---|---|
| | theft under $500 | pled guilty | eleven (11) month, twenty-nine (29) days, concurrent to theft over $1000 | trial court does not mention |
| 239328 | theft under $500 | pled guilty | eleven (11) month, twenty-nine (29) days, concurrent to 239282 | orders the four (4) year sentence into execution and orders it to run consecutive to the two (2) year sentence in case number 239420 |
| 239420 | theft under $500 | pled guilty | eleven (11) month, twenty-nine (29) days, concurrent to 239282 | orders the two (2) year sentence into execution and orders it to run consecutive to the four (4) year sentence in case number 239328 |
| 242151 | introduction of controlled substance into penal institution | pled guilty | three (3) years, concurrent with case numbers 239328, 239282, 239420 | sentence ordered into execution without decision as to whether it runs consecutive or concurrent to other sentences |

As evidenced by the chart above, we are unable to decipher the true intentions of the trial court from either the transcript or the judgments. From the transcript, it appears that the trial court may have confused either the case numbers or the original sentences when finding that the appellant violated the conditions of his probation and ordering those sentences into execution as the sentences referred to by the trial court obviously do not correspond to the judgments for the case numbers that appear in the record before this Court. Accordingly, we must reverse and remand the matter for entry of corrected and clarified judgments. On remand, the trial court should clarify which sentences are being ordered into execution as a result of the probation violation, the length of those sentences, the manner of service of those sentences in relation to other sentences that are ordered into execution and the length of jail credit the appellant is entitled to receive.

_____
JERRY L. SMITH, JUDGE